## HAWKINS *v.* COLLIER.

1. Where the error assigned to certain extracts from the charge of the court is to the effect that they excluded the defendant's theory from the consideration of the jury, it will be presumed, in the absence of any complaint to the contrary, and where the entire charge is not in the record, that the court, with equal fairness, explained to the jury all the contentions of the defendant and fully and correctly charged the law applicable thereto.
2. The evidence was sufficient to authorize the verdict, and there was no error in refusing a new trial.

Argued October 17, — Decided November 19, 1898.

Distress warrant. Before Judge Beck. Pike superior court. April term, 1898.

On March 30, 1895, Anderson Hawkins made a deed by which he conveyed to Collier a tract of land containing 100 acres, the consideration recited being $90, and at the same time he transferred to Collier a bond for title for another tract containing fifty acres. The grantor's wife, Mittie Hawkins, on the same day made a note whereby she agreed to pay Collier on or before October 1, 1895, 2,000 pounds of lint-cotton for rent of this land, the note stating that the land was occupied by her as tenant of Collier. In February, 1895, Collier sued out a distress warrant against Mittie Hawkins for $170 as the rent of the premises. She set up in defense, that the note was without consideration and was obtained by fraud; that the

note and the deed were given and the bond for title transferred to Collier as security for the payment of $33 due him by her husband, and for such sums as might become due him for advances to be made by him during the year 1895, for the purpose of enabling them to make a crop upon the land; that she could not read, and the note was not read over to her, and she did not know what was in it, nor that she was renting the land from Collier; that at the time the papers were signed the land was in the possession of her husband, and there was no surrender of possession by him; and that the plaintiff had been paid all that was due him, and she and her husband were not indebted to him in any sum at the time the distress warrant was sued out. The plaintiff contended that the deed was executed and the bond for title transferred to him in payment of a debt, and not as security; that the defendant's husband surrendered possession of the land to him, and that there was an actual renting of the land by the defendant, and a delivery of possession to her as the plaintiff's tenant.

The case was formerly before the Supreme Court. 101 *Ga.* 145. The second trial resulted in a verdict against the defendant for $160 principal, besides interest. She moved for a new trial, which was refused, and she excepted. The motion was upon the grounds that the verdict was contrary to law and the evidence, and that the court erred in charging the jury: (*a*) "If this note was given for rent by the defendant, and if plaintiff J. C. Collier had put Mittie Hawkins in possession of this land as his tenant, you would not be concerned with the question as to whether the deed from Anderson Hawkins was for a good consideration or not, because, under the circumstances last supposed, Mittie Hawkins would be estopped from denying Collier's title. If she went into possession of the land as tenant of Collier, she would not be now heard to deny the title of Collier. One can not enter upon and take possession of land as the tenant of another, and then deny the title of such other party." It is alleged that this charge prevented the jury from considering the defense as to the consideration of the deed and of the note. (*b*) "If this deed from Anderson Hawkins was a deed of bargain and sale, bona fide made to convey the title,

and was not a mere scheme to protect Anderson Hawkins in his possession of the land, and if this note was given for rent, you should find for the plaintiff, provided it appears from the evidence the defendant was put into possession of the land by plaintiff; that is, if you find that Anderson Hawkins surrendered the land and made this deed bona fide as a deed of bargain and sale to convey title to Collier, and if Collier put Mittie Hawkins in possession of the land, and she took possession as his tenant and gave this note for the rent thereof, you should find for the plaintiff. An actual, physical surrender of the premises by leaving them bodily and placing Collier in actual possession would not have been prerequisite to Collier giving Mittie Hawkins possession. If the deed was made for the purpose of conveying title to Collier, and it was delivered to Collier, and if it was then and there understood between Collier and Anderson Hawkins and Mittie Hawkins that Anderson Hawkins's possession or ownership ceased and that Mittie Hawkins's possession as tenant of Collier began, that would have been a sufficient entry by Mittie Hawkins to constitute her the tenant of the plaintiff." It is alleged that this charge prohibited the jury from considering the defense that defendant did not make a rent contract with Collier although she signed a rent note not knowing how or when the note was written, and that Collier obtained the note from her by fraud and false representations at the time she signed it, and that it was given to secure a debt of her husband.

*J. J. Rogers* and *J. F. Redding*, for plaintiff in error.
*S. N. Woodward*, contra.

Fish, J. 1. Plaintiff in error excepted to the portions of the judge's charge specified in the third and fourth grounds of the motion for a new trial. As will be seen by reference to the reporter's statement, the exceptions were, in effect, that such portions of the charge excluded from the jury the defendant's theory, that the consideration of the note was not rent, and that she had never rented any land from the plaintiff. The entire charge is not in the record, and there is no complaint that the judge failed to explain to the jury the theory of the defendant

and to charge the law applicable thereto. We must, therefore, presume that all the contentions of the defendant and all the law pertinent to her defense were fully, fairly, and correctly given by the court in its general charge. It is impossible to charge upon the respective theories of the plaintiff and the defendant at the same time. In the portions of the charge complained of, the court hypothetically stated the plaintiff's contentions, and charged the jury how they should find if they believed such contentions to be true. There is no pretense that the contentions of the defendant were not stated with equal fairness, and the jury instructed to find for her in the event they believed her theory of the case. There was, therefore, no merit in the third and fourth grounds of the motion for a new trial.

2. There was a painful conflict in the testimony of the witnesses for the plaintiff and those for the defendant. The testimony of the witnesses for the plaintiff, if believed, demanded the verdict. The jury believed them, the verdict was approved by the trial judge, and we are not authorized to set it aside.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P., J., absent.*